UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CHRIS ANN DARLINGTON,<br><br>　　Plaintiff,<br><br>　　v.<br><br>STATE OF ILLINOIS DEPARTMENT<br>OF HUMAN SERVICES, WILLIAM W.<br>FOX DEVELOPMENTAL CENTER,<br><br>　　Defendants. | Case No.　10-cv-1346 |

## O R D E R  &  O P I N I O N

Plaintiff filed her *pro se* Complaint in this action on November 1, 2010, alleging a claim of employment discrimination in violation of Title VII of the Civil Rights Act of 1964. (Doc. 1). Plaintiff also filed a Motion for Leave to Proceed in forma pauperis (Doc. 2) and a Motion to Appoint Counsel (Doc. 3), however these requests were denied by Magistrate Judge Cudmore. (Text Order of 11/2/2010). On February 8, 2011, Plaintiff filed another Motion seeking appointment of counsel, or an increase in the amount of time within which to perfect service upon Defendant. (Doc. 4). Magistrate Judge Cudmore granted Plaintiff until March 1, 2011 to serve Defendant, and advised her to contact the Clerk's Office to obtain summons. (Text Order of 2/9/2011). Although Summons were issued on March 2, 2011, Plaintiff had not yet served Defendant as of March 28, 2011, and Judge Cudmore issued another order directing Plaintiff to serve Defendant by April 18, 2011, or risk dismissal of her suit for failure to prosecute. (Text Order of 3/28/2011).

As Plaintiff had not yet indicated to the Court that she had perfected service upon Defendant by May 10, 2011, Magistrate Judge Cudmore entered a Report and Recommendation recommending that Plaintiff's Complaint be dismissed for lack of prosecution. (Doc. 8). In response, Plaintiff did not object, but rather filed her own Motion to Dismiss her Complaint, along with an executed summons showing that she had attempted service upon Defendant on April 14, 2011, which was within the time allowed by Magistrate Judge Cudmore.[1] (Docs. (9 & 10). Because Plaintiff has sought to voluntarily dismiss her case, Magistrate Judge Cudmore's Report and Recommendation is MOOT. Federal Rule of Civil Procedure 41(a)(1) allows for a Plaintiff to voluntarily dismiss her lawsuit if she files a notice of dismissal before the Defendant has filed an answer or a motion for summary judgment. Here, although Plaintiff has indicated that she attempted to serve Defendant on April 14, 2011, Defendant has not yet appeared or filed an answer.[2] Accordingly, Plaintiff's Motion to Dismiss (Doc. 10) is GRANTED and Plaintiff's Complaint is DISMISSED. IT IS SO ORDERED.

CASE TERMINATED.

---

[1] Plaintiff did not return her executed summons to the Clerk's office until she filed her Motion to Dismiss, so Magistrate Judge Cudmore was unaware that service had been attempted when he entered his Report and Recommendation. Nevertheless, the Court notes that service was made by Plaintiff herself, which is not allowed pursuant to Federal Rule of Civil Procedure 4(c)(2), and therefore has still not been properly made upon Defendant.

[2] Defendant's failure to appear is likely due to the fact that Plaintiff's service upon it was defective.

Entered this 13th day of May, 2011.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge